1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9   JAMES J. TURNER, JR.,                )
                                          )
10          Petitioner,                   )        3:09-cv-00670-LRH-VPC
                                          )
11   vs.                                  )        <u>ORDER</u>
                                          )
12   E.K. McDANIEL, *et al.*,             )
                                          )
13          Respondents.                  )
    _____/

14

15          This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

16   by a Nevada state prisoner.  Petitioner has paid the filing fee for this action.  (Docket #4).

17          A petitioner must first present his grounds for relief to a state court before a federal court may

18   review the merits of the issues he raises.  To exhaust a claim, petitioner must have "fairly presented"

19   that specific claim to the Supreme Court of Nevada.  *See Picard  v.  Conner*, 404 U.S. 270,275-76

20   (1971);  *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984).  A federal court cannot

21   hear a mixed petition that contains both exhausted and unexhausted claims for habeas corpus relief.

22   *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982);  *Szeto v. Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983).

23   If a single one of the claims in the petition is unexhausted, the court is obliged to dismiss the petition

24   for lack of exhaustion.

25          Upon reviewing the petition in this case, the court concludes that petitioner's claims are

26   unexhausted.  Petitioner admits that he is "waiting on a decision now" from the Nevada Supreme

27   Court regarding the conviction he seeks to challenge in the instant petition.  (Petition, p. 1).  At page

2 of the petition, petitioner reiterates that he has a petition pending in state court regarding the

conviction he is challenging in the instant petition.  (Petition, p. 2).  Because petitioner has not

exhausted his grounds for relief in state court, this action shall be dismissed.

   **IT IS THEREFORE ORDERED** that this action shall be **DISMISSED WITHOUT**

**PREJUDICE** for failure to exhaust state court remedies.  If and when petitioner exhausts his state

court remedies, he may file a new habeas petition in a new action.  The Clerk shall enter judgment

accordingly.

   DATED this 28th day of December, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2